## MAXSON v. BAY COUNTY.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—ADMISSIONS IN AN-
   SWER—COUNTY'S DUTY TO MAINTAIN BARRIERS.
   In action against county for injuries sustained by plaintiff when
   car in which she was riding went into ditch alongside of road
   intersecting and terminating highway on which she had been
   riding, claim on appeal of defendant that no duty existed re-
   quiring it to maintain guards or barriers as alleged by plaintiff
   came too late, where such duty had been admitted in defend-
   ant's answer and the question as to its existence was not pre-
   sented to nor passed upon by the trial court and cannot be
   raised for the first time on appeal.

2. HIGHWAYS AND STREETS—SUFFICIENCY OF BARRIERS AT TERMINUS
   OF ROAD AT INTERSECTION—QUESTION OF FACT—EVIDENCE.
   Whether or not middle post of a three-post barrier which had
   been erected on south side of road which intersected and termi-
   nated road to north thereof on which plaintiff had been riding
   was missing or in proper repair *held*, a question of fact, under
   evidence presented, upon which record affords no reason justi-
   fying disturbance of court's finding for plaintiff.

3. SAME—BARRIER FOR DITCHES AT ROAD TERMINUS.
   Drainage ditch barrier and warning on opposite side of inter-
   secting road, beyond which, road on which plaintiff had been
   riding did not extend, *held,* insufficient as a matter of law
   where, although it had originally consisted of three black and
   white posts extending 32 inches above the ground, the middle
   post had been broken off a month prior to the accident and
   remaining posts were 21 feet apart, outside of the traveled
   portion of the road had it been extended across the intersecting
   road.

4. AUTOMOBILES—CONTRIBUTORY NEGLIGENCE—BARRIER AND WARN-
   ING OF DITCH—FINDING OF COURT—EVIDENCE.
   Contributory negligence of driver of car in which plaintiff was
   riding in proceeding beyond intersection of road where it was

not extended beyond T-shaped corner *held*, question of fact under evidence showing insufficient barrier and warning of presence of ditch which lay in his path and trial court's finding for plaintiff thereon may not be disturbed under showing made.

Appeal from Bay; McCormick (James L.), J. Submitted June 9, 1939. (Docket No. 49, Calendar No. 40,562.) Decided September 5, 1939.

Case by Mabel Maxson against Bay County, a municipal corporation, for damages for personal injuries sustained while a passenger in a car which ran off the end of a road. Judgment for plaintiff. Defendant appeals. Affirmed.

*Oscar W. Baker, Jr.*, for plaintiff.

*Karl K. Leibrand*, Prosecuting Attorney, and *Hubert J. Gaffney*, for defendant.

CHANDLER, J. This action for damages arises out of an automobile accident in which plaintiff, a passenger in an automobile operated by one Martin Knack, received severe injuries. The accident occurred in Bay County at the intersection of Portsmouth and DeCorte roads.

DeCorte road is a north and south, gravel surface, county road, terminating at the point where it intersects Portsmouth road at right angles. The gravel surface thereof is 12 feet in width, on each side of which is a shoulder and ditch, the distance between the gravel portion and the ditch being six feet.

Portsmouth road, at the point where DeCorte road terminates and intersects, has a gravel shoulder 19 feet in width, followed by the traveled portion which consists first of a strip of pavement nine and one-half feet in width, supplemented by gravel of an equal width. Eight feet beyond the traveled portion of

this road and 46 feet directly south of the terminus of DeCorte road, defendant erected and maintained posts which were intended to give warning to travelers approaching on the DeCorte road of the termination thereof.   The warning arrangement consisted of three posts extending 32 inches above the ground, being painted black with a white band in the middle. Originally, the two end posts were separated by a space of 21 feet, with the third post being approximately half way between them.   It was established that the end posts would be outside the traveled portion of the DeCorte road, if extended.   South of the posts is a county drainage ditch, extending into the Portsmouth right of way and being 20 feet in width and seven feet deep, said ditch being bounded on the south by an open field.   The posts were also intended as a barrier to prevent one from driving into the aforementioned ditch.

On November 7, 1936, the car in which plaintiff was a passenger traveled south on DeCorte road toward the intersection; the driver failed to turn either to the right or left, and the car was plunged into the drainage ditch, resulting in plaintiff's injuries.

The declaration, in alleging negligence, among other things sets forth a duty devolving upon defendant to keep erected and maintained barriers and guards between the end of DeCorte road and the drainage ditch paralleling the southerly side of Portsmouth road to give warning to travelers approaching on the DeCorte road and to prevent them from running into said ditch.   Then follows an allegation that defendant failed to perform this duty. Defendant's answer admitted the duty but claimed that it had been performed, and that the sole proximate cause of the accident was the negligence of plaintiff's driver.

In this court, defendant attempts to demonstrate that no duty existed requiring it to maintain guards or barriers as alleged by plaintiff. This claim is presented too late, however, in view of the admission made in·the answer, and for the further reason that the question, not having been presented to or passed upon by the trial court, cannot be raised for the first time on appeal.

Defendant having admitted the duty, the next question presented is whether or not the duty had been performed. The proof showed that the center of the three posts had been broken off on October 8, 1936, approximately one month prior to this accident, and plaintiff gave positive testimony that this post was missing on the night she received her injuries. As opposed thereto, defendant's witnesses gave testimony from which it might be inferred that this particular post was in proper repair at the time of the accident. Whether or not the post was missing thus became a disputed question of fact which was resolved by the trial court in favor of plaintiff, and the record presents no reason which would justify us in disturbing this finding.

With the center post absent, it must be said that defendant failed to perform its admitted duty. The two remaining posts, each being outside of the boundary line on the respective sides of the DeCorte road, if extended, might well have been taken to be a protection from a ditch or other hazard bounding the DeCorte road on either side to one who thought this road continued across the Portsmouth road, or who did not know that the end was being approached, rather than as a warning of the termination of the road, or as a barrier to prevent one from driving into the drainage ditch. The two end posts alone cannot be said to have given warning nor acted as a suitable barrier.

As to the claim that the driver of the car was guilty of contributory negligence, the evidence showed that he was unfamiliar with this particular intersection; that although he had often driven on to the Portsmouth road from roads running parallel to the DeCorte road, he customarily used the Knight road, which had a reflector opposite its termination with the Portsmouth road to give warning of this danger and of the drainage ditch; and that he approached the intersection at a speed estimated by plaintiff to be between 25 and 30 miles per hour. The lights and brakes on the car functioned with normal efficiency, the driver having started to apply the brakes simultaneously with plaintiff's warning of danger given by her when she saw the open field about 40 or 50 feet ahead of them. It was also shown that the middle post was broken off, leaving only a black stub extending above the ground, this having been found by the trial court to have occurred previously, and that the lights on the car revealed nothing to indicate danger ahead. As we have stated, the remaining two posts might readily have been taken as a protection or warning against hazards present at either side of the DeCorte road to one who did not know that the end of the road had been reached. Beyond the posts and drainage ditch was a flat open field, devoid of a surrounding fence, trees or other prominence which might indicate that the road did not continue. Other testimony showed that the remaining posts appeared to one approaching as two white spots on either side of the DeCorte road, not clearly visible to one whose gaze was directed straight ahead on the traveled portion of the road.

Reviewing all of the foregoing testimony, we believe that it was a question of fact as to whether the driver of the car was exercising due care at the time the accident occurred. The trial court found him

to be free from contributory negligence and no sound reason has been presented for disturbing the finding so made.

The judgment is affirmed, with costs to plaintiff.

BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE, POTTER, NORTH, and MCALLISTER, JJ., concurred.