THERRIAN v. GENERAL LABORATORIES, INC.

1. CORPORATIONS—OFFICERS—SALARIES—RESOLUTION OF BOARD OF DIRECTORS.

Trial judge in nonjury action by officer of corporation against the corporation for difference between salaries defendant's board of directors had authorized to be paid plaintiff over a period of years and the salaries actually paid him *held*, entitled to find from all evidence adduced that defendant was contractually bound to pay plaintiff at salary levels fixed by resolutions of the board of directors irrespective of the legal consequence of a corporate board's resolution considered alone.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 13 Am Jur, Corporations § 1026 *et seq.*
[3, 4] 56 Am Jur, Waiver §§ 12–16.
[5] 5 Am Jur 2d, Appeal and Error § 545.
[6] 5 Am Jur 2d, Appeal and Error §§ 707, 708.

2. Same—Accrued but Unpaid Salary of Officer—Books.

Fact that corporate books at end of each fiscal year failed to indicate an accrual of difference between plaintiff officer's authorized salary and that which he actually received *held*, not alone sufficient to relieve the corporation of its liability to plaintiff for the full amount of his authorized salary.

3. Same—Accrued but Unpaid Salary of Officer—Waiver—Evidence.

Evidence supported trial court's finding in nonjury case that plaintiff officer of corporation had not waived any claim he had for accrued but unpaid salary, where it appears that at different times he had requested payment of the balance of his authorized salary and had been assured by the president he would be paid when the company was able to do so.

4. Contracts—Waiver—Inferences.

The waiver of an advantageous contract right will not be lightly inferred.

5. Appeal and Error—Questions Reviewable—Issues Not Raised in Trial Court.

Issues not raised by appellant while case was before the trial court are not available to it on appeal.

6. Same—Questions Reviewable—Cross Appeal.

Plaintiff's contentions on appeal that trial court in nonjury case had erred in making certain deductions from his claim for accrued but unpaid salary and in not allowing his claim for loan to corporation are not considered, where plaintiff did not cross-appeal.

Appeal from Muskegon; Beers (Henry L.), J. Submitted November 6, 1963. (Calendar No. 57, Docket No. 49,836.) Decided April 6, 1964.

Assumpsit by Carl E. Therrian against General Laboratories, Inc., a Michigan corporation, for unpaid salary. Judgment for plaintiff. Defendant appeals. Affirmed.

*Charles A. Larnard, Jr.,* for plaintiff.

*Seymour I. Rosenberg,* for defendant.

SOURIS, J.   Plaintiff filed suit in assumpsit to recover from defendant General Laboratories, Inc., the difference between salaries defendant's board of directors authorized to be paid plaintiff over a period of years and the salaries actually received by him as an officer of defendant corporation. Plaintiff also sought to recover a loan which he allegedly made to defendant. The trial court sitting without a jury found that plaintiff was entitled to the difference between total salary authorized and salary received, reduced by the amount of certain bonuses and automobile allowances plaintiff received. He found, however, that plaintiff had not proved by a preponderance of the evidence that defendant was indebted to him on the alleged loan obligation. From the judgment entered against it, defendant has appealed, its motion for new trial having been denied.

Defendant first argues that, as a matter of law, its corporate resolutions authorizing specified salaries to be paid plaintiff were not alone sufficient to create a contractual obligation upon it to pay such salaries. Whatever legal consequence a corporate board's resolution, considered alone, may have, is not realistically pertinent to the issue before us. This board's resolutions were known to plaintiff and were acted upon by him. When we consider not only the fact that the defendant's board authorized payment of specified salaries to plaintiff, but also the fact that plaintiff was fully advised thereof and the fact that he continued thereafter in defendant's employment, the trial judge was entitled to find that defendant was contractually bound to pay plaintiff at the salary levels fixed by the resolutions. *In re Wood's Estate*, 299 Mich 635, 651. The fact that at the end of each fiscal year the corporate books did not indicate an accrual of the difference between plaintiff's authorized salary and that which he actually received is not alone sufficient to relieve de-

fendant of its liability to plaintiff for the full amount of his authorized salary.

Defendant next argues that plaintiff waived any claim which he might have had for accrued salary. The trial judge found that plaintiff had not waived his rights, basing such finding upon testimony that at different times during his employment plaintiff requested payment of the balance of his authorized salary and that the company's president and another officer assured plaintiff that he would be paid his accrued salary when the company was able to do so.* Although there was conflicting testimony on this point, we cannot say that it preponderated against that relied upon by the trial court. The waiver of an advantageous right will not lightly be inferred. *Beloskursky* v. *Jozwiak,* 221 Mich 316, 324, 325.

Defendant also argues on appeal other issues which were not relied upon in the trial court. Since defendant failed to raise such issues below, they are not available to it on appeal. *Young* v. *Morrall,* 359 Mich 180, 187. Similarly, because plaintiff has not cross-appealed, we shall not consider plaintiff's countering contentions that the trial court erred in deducting from his salary claims the sums he received as bonuses and for automobile allowances and in ruling against him on his claim that defendant was obligated to him on a loan transaction. *St. John* v. *Nichols,* 331 Mich 148, 158.

Affirmed. Costs to plaintiff.

Kavanagh, C. J., and Dethmers, Kelly, Black, Smith, and O'Hara, JJ., concurred.

Adams, J., took no part in the decision of this case.

---

* At trial defendant's president testified: "The purpose of the corporation is to make a profit. We did that."