SCHNEIDER v LINKFIELD

DECISION OF THE COURT

1. COURTS—JURISDICTION OVER NONRESIDENTS—LONG-ARM STATUTE—AUTOMOBILES.

A provision of the long-arm statute that the act or acts which create a relationship of "[t]he ownership, use, or possession of any real or personal tangible property situated within the state", constituted a sufficient basis of jurisdiction to enable the courts of record of Michigan to exercise limited personal jurisdiction over nonresident defendants who were sued to recover damages for injuries received in an automobile accident in Indiana where, at the time of the accident, defendant driver was licensed by the State of Michigan, all the injured parties were Michigan residents and all the involved vehicles were both titled and licensed in Michigan (MCLA 600.705[3]).

FOR AFFIRMANCE

T. G. KAVANAGH and SWAINSON, JJ.

2. APPEAL AND ERROR—PRESERVING ISSUES—COURTS—JURISDICTION OVER NONRESIDENTS—LONG-ARM STATUTE.

*The issue of jurisdiction under a provision of the long-arm statute was properly raised in the trial court and is properly before the Court on appeal where it is apparent that plaintiffs, in arguing defendants' motion for accelerated judgment, were raising all of the possible grounds for jurisdiction over defendants, nonresidents of Michigan, under that statute (MCLA 600.705).*

3. COURTS—JURISDICTION OVER NONRESIDENTS—LONG-ARM STATUTE—AUTOMOBILES—CONSTITUTIONAL LAW—DUE PROCESS.

*Defendants, residents of another state, did come within the context of a provision of the long-arm statute covering "[t]he ownership, use, or possession of any real or tangible personal*

REFERENCES FOR POINTS IN HEADNOTES

[1, 3–6, 8–13] 20 Am Jur 2d, Courts § 144.
[2] 5 Am Jur 2d, Appeal and Error § 545.
[7] 50 Am Jur, Statutes §§ 57, 58.

*property situated within the state", where, at the time defend-
ants' automobile struck plaintiffs' automobile in another state,
defendants were residents of the State of Michigan, their
vehicle was licensed by the State of Michigan, it was titled in
the State of Michigan, the driver of the car was licensed by the
State of Michigan; due process of law is not violated by permit-
ting jurisdiction over such defendants (MCLA 600.705[3]).*

4. COURTS—JURISDICTION OVER NONRESIDENTS—LONG-ARM STATUTE—
CONSTRUCTION—CONSTITUTIONAL LAW—DUE PROCESS.

*Courts have generally construed their long-arm statutes as ex-
tending the state's jurisdiction to the farthest limits permitted
by due process.*

### For Affirmance

T. M. KAVANAGH, C. J., and WILLIAMS and M. S. COLEMAN, JJ.

5. COURTS—JURISDICTION—LONG-ARM STATUTE—AUTOMOBILES.

*The facts of a case where nonresident defendants were sued to
recover damages for injuries received in an automobile accident
in Indiana, at the time of the accident the defendant driver was
licensed by the State of Michigan, together with the fact that
all the involved parties were Michigan parties, and that all the
involved vehicles were both titled and licensed in Michigan,
and given the proximity of the accident to the Michigan border
demonstrates that the tests of requirements for jurisdiction of
"minimum contacts" and "traditional notions of fair play and
substantial justice" are met with respect to a provision of the
long-arm statute that the act or acts which create a relation-
ship of "[t]he ownership, use, or possession of any real or
tangible personal property situated within the state" shall
constitute a sufficient basis of jurisdiction to enable the courts
of record of Michigan to exercise limited personal jurisdiction
over an individual (MCLA 600.705[3]).*

6. COURTS—JURISDICTION OVER NONRESIDENTS—AUTOMOBILES.

*The fairness of jurisdiction in Michigan courts over nonresident
defendants in a lawsuit to recover damages for injuries received
in an automobile accident in Indiana is illustrated by the
significant relationships defendants had with Michigan at the
time of the accident that: the defendant driver was licensed by
the State of Michigan together with the fact that all the
involved parties were Michigan parties, and that all the in-
volved vehicles were both titled and licensed in Michigan, and
given the proximity of the accident to the Michigan border.*

7. CONSTITUTIONAL LAW—STATUTES.

    *The constitutional application of a statute must be determined in every instance in light of the facts of the particular case.*

8. COURTS—JURISDICTION OVER NONRESIDENTS—LONG-ARM STATUTE—AUTOMOBILES—CONSTITUTIONAL LAW—CONSTRUCTIVE SITUS—DUE PROCESS.

    *A provision of the long-arm statute that the act or acts which create a relationship of "[t]he ownership, use, or possession of any real or tangible personal property situated within the state" shall constitute a sufficient basis of jurisdiction to enable the courts of record of Michigan to exercise limited personal jurisdiction over an individual is constitutional as applied to the specific facts of a case where nonresident defendants were sued to recover damages for injuries received in an automobile accident in Indiana, at the time of the accident the defendant driver was licensed by the State of Michigan, together with the fact that all the involved parties were Michigan parties, and that all the involved vehicles were both titled and licensed in Michigan, and given the proximity of the accident to the Michigan border, but this decision does not require the Michigan Supreme Court to promulgate such a sweeping generalization as "constructive situs" and, in many instances, the due process restraints of a decision of the United States Supreme Court would prohibit such a rule as an exclusive litmus test of jurisdiction (MCLA 600.705[3]).*

DISSENTING OPINION

T. E. BRENNAN, J.

9. COURTS—JURISDICTION OVER NONRESIDENTS—LONG-ARM STATUTE—AUTOMOBILES.

    *The Michigan long-arm statute is not long enough to reach defendants who were not residents of Michigan at the time service of process was attempted, although defendants were residents of Michigan at the time the automobile accident occurred in Indiana, their vehicle was licensed by the State of Michigan, their vehicle was titled in the State of Michigan, and the driver of the car was a driver licensed by the State of Michigan; none of these four "contacts" are relevant (MCLA 600.705).*

10. COURTS—JURISDICTION OVER NONRESIDENTS—LONG-ARM STATUTE.

    *The Michigan long-arm statute has to do solely with circumstances under which Michigan courts may exert limited personal jurisdiction over nonresidents (MCLA 600.705[3]).*

11. COURTS—JURISDICTION OVER NONRESIDENTS—SERVICE OF PROCESS —SECRETARY OF STATE.

*Statute, providing that "service of summons in any action against a person, who at the time of such service is a nonresident of this state, growing out of any accident or collision in which such person may have been involved while operating a motor vehicle upon a public highway of this state or in which a motor vehicle owned by him may have been involved while being operated with his consent, express or implied, on such public highway, may be made upon the secretary of state as the true and lawful attorney of such person with the same legal force as if served on him personally within this state", permits service upon the Secretary of State as agent for a nonresident motorist only in cases where the collision occurs upon a public highway of the State of Michigan (MCLA 257.403).*

12. PROCESS—NONRESIDENT DEFENDANT—COURT RULES.

*Statute providing for service of summons on a nonresident of Michigan does not purport to appoint the Secretary of State as the agent of the nonresident motorist where the accident does not occur upon a Michigan highway; there being no agent to be found within the State of Michigan, there is no basis for service by registered mail upon nonresident defendants outside of the state under the court rule providing for substituted service (MCLA 257.403; GCR 1963, 105.2[1]).*

13. COURTS—JURISDICTION OVER NONRESIDENTS—LONG-ARM STATUTE —AUTOMOBILES—CONSTRUCTIVE SITUS.

*Concept of constructive situs, that an automobile involved in an accident in another state was constructively situated in Michigan because it was titled by the State of Michigan and therefore comes within the purview of a provision of the Michigan long-arm statute providing that the existence of a relationship between an individual or his agent and the state arising out of acts creating the relationship of "[t]he ownership, use, or possession of any real or tangible personal property situated within the state" shall constitute a sufficient basis of jurisdiction to enable the courts of record of Michigan to exercise limited personal jurisdiction over such individual to enable such courts to render personal judgment against such individual, has no basis in authority (MCLA 600.705[3]).*

Appeal from Court of Appeals, Division 3, R. B. Burns, P. J., and Levin and T. M. Burns, JJ., reversing and remanding Kent, John H. Vander

Wal, J. Submitted March 7, 1973. (No. 6 March
Term 1973, Docket No. 54,120.) Decided July 24,
1973.

40 Mich App 131 affirmed.

Complaint by Russell Schneider and Marjorie
Schneider against Roberta Evelyn Linkfield,
Jeanne Marie Murphy, and Eugene Murphy for
damages for injuries sustained in an automobile
collision. Accelerated judgment for defendants
Murphy. Plaintiffs appealed to the Court of Ap-
peals. Reversed and remanded. Defendants Mur-
phy appeal. Affirmed.

*Hillman, Baxter & Hammond* (by *Joel M. Boy-
den),* for plaintiffs.

*Wheeler, Upham, Bryant & Uhl* (by *Geoffrey L.
Gillis),* for defendants Murphy.

Swainson, J. *(for affirmance).* Plaintiff Marjorie
Schneider was injured in a three car accident
which occurred in Indiana. She was a passenger in
an automobile owned and operated by John
Boelma. The Boelma automobile first struck the
car driven by defendant Roberta Linkfield, and
was then struck by an automobile driven by de-
fendant Jeanne Murphy and owned by defendant
Eugene Murphy. At the time of the accident, May
11, 1968, all of the parties were Michigan resi-
dents. The Murphys were residents of Michigan at
the time of the occurrence of the accident, but
prior to the commencement of the lawsuit, the
Murphys moved their residence to New Jersey
where they presently reside.

On May 7, 1970, plaintiffs filed suit against all of
the defendants. On August 24, 1970, the Murphys

filed a motion to quash service of process, to dismiss the action, and for accelerated judgment. On October 7, 1970, the trial court rendered an opinion holding that the court lacked jurisdiction over the defendants Murphy.[1] On November 23, 1970, an order of accelerated judgment in favor of the defendants was entered.

The Court of Appeals reversed and remanded for trial holding that there was jurisdiction over the defendants under the long-arm statute, MCLA 600.705; MSA 27A.705.[2] Since this is a question of first impression in our state, we granted leave to appeal. 387 Mich 811 (1972).

Two issues have been raised on appeal.

(1) Whether the plaintiffs properly raised the question of the jurisdiction of the court over defendants pursuant to MCLA 600.705(3); MSA 27A.705(3) at the trial court level?

(2) Whether the defendants are subject to jurisdiction under MCLA 600.705(3); MSA 27A.705(3)? Whether the defendants are subject to jurisdiction under MCLA 600.705(1), (2) or (4); MSA 27A.705(1), (2) or (4)?

I.

MCLA 600.705; MSA 27A.705 provides:

"The existence of any of the following relationships between an individual or his agent and the state shall constitute a sufficient basis of jurisdiction to enable the courts of record of this state to exercise limited personal jurisdiction over such individual and to enable such courts to render personal judgments against such individual or his representative arising out of the act or acts which create any of the following relationships:

[1] Hereinafter referred to as defendants.
[2] 40 Mich App 131 (1972).

"(1) The transaction of any business within the state.

"(2) The doing or causing any act to be done, or consequences to occur, in the state resulting in an action for tort.

"(3) The ownership, use, or possession of any real or tangible personal property situated within the state.

"(4) Contracting to insure any person, property, or risk located within this state at the time of contracting.

"(5) Entering into a contract for services to be rendered or for materials to be furnished in the state by the defendant.

"(6) Acting as a director, manager, trustee, or other officer of any corporation incorporated under the laws of, or having its principal place of business within, the state of Michigan."

Defendants contend that the decision of the Court of Appeals should be reversed because the case was decided upon a ground that the plaintiffs had not raised in the trial court. Defendants admit that plaintiffs argued there was jurisdiction under RJA § 705(2) and RJA § 705(1) but did not raise the issue of jurisdiction under RJA § 705(3).

The general rule that issues and claims not advanced in the trial court will not be considered for the first time on appeal has been upheld in Michigan. *Maxson v Bay County,* 290 Mich 86, 89 (1939); *Village of St. Clair Shores v Village of Grosse Pointe Woods,* 319 Mich 372, 375 (1947); *Therrian v General Laboratories, Inc,* 372 Mich 487, 490 (1964). However, a review of the record demonstrates that the issue of jurisdiction under RJA § 705(3) was raised in the trial court. The court in passing on the motion was dealing with all of the subsections of RJA § 705. Defendants' attorney in arguing the motion for accelerated judgment went through all of the possible grounds for jurisdiction under RJA § 705 and contended

they did not apply. He stated concerning RJA § 705(3):

"Now, the third ground, the ownership, use or possession of any real or tangible property situated within the state. Certainly, nothing like that in this case."

The plaintiffs' attorney in response stated:

"May it please the Court, Your Honor, I take it that what we have boiled this down to, at this point, is the question of whether or not the Long Arm Statute applies."

Defendants' attorney did not object to this statement, and it is apparent that plaintiffs were raising all of the possible grounds under RJA § 705 and defendants were disputing that any of the grounds applied. The rule cited above was complied with in this case. The issue raised in the trial court was whether RJA § 705 conferred jurisdiction over the defendants. That is the same issue on appeal here. It was properly raised in the trial court below and is properly before the Court on appeal.

## II.

The basic issue involves the construction of MCLA 600.705(3); MSA 27A.705(3). It is not disputed that at the time of the accident, defendants owned personal property which was titled in Michigan but physically located in Indiana. Plaintiffs have pointed out that defendants had the following contact with the State of Michigan.

(1) The Murphys were residents of Michigan.

(2) The Murphy vehicle was licensed by the State of Michigan.

(3) The Murphy vehicle was titled in the State of Michigan.

(4) Defendant, Jeanne Murphy, the driver of the car, was a driver licensed by the State of Michigan.

In *Sifers v Horen,* 385 Mich 195 (1971), the Court upheld the jurisdiction under RJA § 705(1) in a contract which resulted from a conversation between a lawyer, who was lecturing in Michigan, and a resident of the State of Michigan. The majority pointed out that the statute used the term "any" and stated in a footnote that the word "any" means each and every. 385 Mich 198–199. Likewise the word "any" is used in RJA § 705(3). We believe that under the facts of this case the defendants did come within the context of RJA § 705(3).

Defendants have cited no case which would indicate that this interpretation of RJA § 705(3) violates the United States Constitution. As the majority held in *Sifers, supra,* 199:

"The courts of those states having 'long-arm' statutes similar to that of Michigan which confer, specifically, limited personal jurisdiction over defendants based on 'the transaction of any business within the state,' have generally construed their statutes *as extending the state's jurisdiction to the farthest limits permitted by due process.*" (Emphasis added.)

Due process of law is not violated by permitting jurisdiction over the defendants in this case pursuant to the provisions of RJA § 705(3), and having thus determined this issue, it is not necessary to determine whether jurisdiction would be conferred under the provisions of subsections (1), (2) or (4).

The judgment of the Court of Appeals is af-

firmed and the cause is remanded for a trial. Costs to plaintiffs.

T. G. KAVANAGH, J., concurred with SWAINSON, J.

WILLIAMS, J. *(to affirm)*. While I feel Justice SWAINSON's opinion reaches the proper conclusion in this case using the Michigan long-arm statute to achieve a reasonable and just common-law result, part II of his opinion introduces into Michigan law the novel concept of "constructive situs", a concept which goes well beyond the due process considerations which lead us to assert jurisdiction here.

*International Shoe Co v Washington,* 326 US 310; 66 S Ct 154; 90 L Ed 95; 161 ALR 1057 (1945), recites the oft-stated requirements for jurisdiction: "minimum contacts" *and* "traditional notions of fair play and substantial justice". The facts of this case demonstrate that these tests are met with respect to RJA § 705(3). Justice SWAINSON's opinion notes the significant relationships defendants had with Michigan at the time of the accident. These contacts, together with the fact that *all* the involved parties were Michigan parties, and that *all* the involved vehicles were both titled and licensed in Michigan, and given the proximity of this accident to the Michigan border, illustrate the fairness of jurisdiction in Michigan courts.

But the rule of "constructive situs" goes far beyond the facts of the instant case. For example, the concept of "constructive situs" might be construed to allow the assertion of jurisdiction under RJA § 705(3) in the context of an Alaskan defendant who purchased her car in Michigan, titled it here, drove it back to Alaska intending to eventually change the title, and injured a California plaintiff in the State of Washington two months

later. To say as a matter of course that "construc-
tive situs" principles in such a situation satisfy
*either* the fairness and justice demands or the
minimum contacts requirements of *International
Shoe* would be clearly absurd.

The constitutional application of a statute must
be determined in every instance in light of the
facts of the particular case. Cooley, *Constitutional
Limitations* (1st ed), p 180; *Straus v Elless Co,* 245
Mich 558, 564 (1929); *People v Smith,* 108 Mich
527, 529 (1896). Thus, while I concur in Justice
SWAINSON's result with respect to the constitution-
ality of the application of RJA § 705(3) to the
specific facts of the instant case, I note that this
decision does *not* require us to promulgate such a
sweeping generalization as "constructive situs"
and that, in many instances, the due process con-
straints of *International Shoe* would prohibit the
application of such a rule as an exclusive litmus
test of jurisdiction.

T. M. KAVANAGH, C. J., and M. S. COLEMAN, J.,
concurred with WILLIAMS, J.

T. E. BRENNAN, J. *(dissenting).* I cannot agree
that the Michigan long-arm statute is long enough
to reach these defendants.

The majority opinion states:

"It is not disputed that at the time of the accident,
defendants owned personal property which was titled in
Michigan but physically located in Indiana. Plaintiffs
have pointed out that defendants had the following
contact with the State of Michigan.

"(1) The Murphys were residents of Michigan.

"(2) The Murphy vehicle was licensed by the State of
Michigan.

"(3) The Murphy vehicle was titled in the State of
Michigan.

"(4) Defendant, Jeanne Murphy, the driver of the car, was a driver licensed by the State of Michigan."

None of these four "contacts" are relevant.

It is conceded that the Murphys were residents of Michigan at the time of the accident. The licensing and titling of their vehicle in Michigan were natural incidents of that residence. So, too, the licensing of the driver of the defendants' vehicle in Michigan was incident to the residence of Jeanne Murphy in Michigan at the time of the accident.

The Murphys were not residents of Michigan at the time service of process was attempted in this case.

They were nonresidents, just as surely as if they had never lived in Michigan.

The majority tacitly concedes the irrelevance of the defendants' former residence in Michigan. They bottom the claimed jurisdiction upon the long-arm statute, MCLA 600.705(3); MSA 27A.705(3). That statute has to do solely with circumstances under which Michigan courts may exert limited personal jurisdiction over nonresidents.

If the defendants were residents of Michigan at the time of service of process, or, even being nonresidents, if they were in fact personally served with process while physically within the State of Michigan, there would be no need to rely upon the long-arm statute. In such case, the Michigan courts would not have mere limited personal jurisdiction, it would have general personal jurisdiction. MCLA 600.701; MSA 27A.701.

But the defendants were not Michigan residents at the time of service of process. Sometime between the happening of the accident on May 11,

1968, and the commencement of the action on May 7, 1970, the Murphys moved to New Jersey.

This fact was not known to the plaintiffs until after the action was commenced.

On August 3, 1970, plaintiffs filed in the Kent County Circuit Court a proof of service and an affidavit of nonresidency:

"PROOF OF SERVICE AND AFFIDAVIT OF NON-RESIDENCY
"(Filed August 3, 1970)

"PROOF OF SERVICE

"State of Michigan
                    "SS.
"County of Kent

"Joel M. Boyden, being duly sworn, deposes and says:

"1. That he is one of the attorneys for the plaintiffs in the above captioned cause; that on May 9, 1970, he placed in the hands of the sheriff of Oakland County, Michigan, copies of the Summons and Complaint in this cause for service upon defendants Eugene Murphy and Jeanne Marie Murphy; that a copy of the deponent's receipt therefor is attached hereto and made a part of this affidavit.

"2. That the Summons and Complaint heretofore placed in the hands of the sheriff of Oakland County on May 9, 1970 have remained in the hands of said sheriff for service, continuously since that date and up to the present time.

"3. That, upon being apprised by the sheriff of Oakland County that defendants Eugene and Jeanne Marie Murphy were no longer residents at the last known address in Michigan, plaintiffs did attempt to ascertain their present address.

"4. That plaintiffs have now learned that defendants Eugene and Jeanne Marie Murphy are now residents of the state of New Jersey, and that their last known address in New Jersey is 11 Duncan, Ho Ho Kus, New Jersey, and that this is the last known and non-resident address of these defendants.

"5. That on July 24, 1970, deponent did serve a true copy of the Summons and Complaint in this cause upon the defendants Eugene Murphy and Jeanne Marie Murphy through the office of the Secretary of State of the State of Michigan pursuant to M.S.A. § 9.2103 by registered mail; that attached to said service upon the Secretary of State was the affidavit of non-residency, signed by this deponent, a copy of which is attached; that the receipt for said mailing, as well as the return receipt therefor showing the same to have been delivered to the Secretary of State on July 29, 1970 are attached hereto and made a part hereof, together with deponent's letter accompanying said documents.

"6. That on July 24, 1970, deponent did likewise serve true copies of the said Summons and Complaint upon defendants Jeanne Marie Murphy and Eugene Murphy by registered mail at their last known address at 11 Duncan, Ho Ho Kus, New Jersey; that a receipt for said mailing is attached hereto, as well as a return receipt therefor showing the same to have been delivered to the said Jeanne Marie Murphy and Eugene Murphy on July 30, 1970, together with a copy of the letter sent with said documents by deponent.

"Further deponent sayeth not.

"(s) Joel M. Boyden

"Subscribed and sworn to before me this 3rd day of August, 1970.

"(s) Linda Craig
"Notary Public, Kent County, Michigan
"My commission expires: April 14, 1974"

"AFFIDAVIT OF NON-RESIDENCY
"State of Michigan
       "SS.
"County of Kent

"Joel M. Boyden, being duly sworn, deposes and says that he is the attorney for Russell Schneider and Marjorie Schneider in a suit now pending in Kent County Circuit Court in which the said Russell Schneider and Marjorie Schneider are plaintiffs and Jeanne Marie

Murphy and Eugene Murphy are among the defendants, the file being Civil Action No. 10310.

"Deponent further states that defendants Jeanne Marie Murphy and Eugene Murphy are now non-residents of the state of Michigan and that their last known address is as follows:

"11 Duncan

"Ho Ho Kus, New Jersey

"Further deponent sayeth not.

"(s) Joel M. Boyden

"Subscribed and sworn to before me this 28th day of July, 1970. "(s) Linda Craig
          "Notary Public, Kent County, Michigan
          "My commission expires: April 14, 1974"

The statutory reference in plaintiffs' proof of service is MCLA 257.403; MSA 9.2103. It provides:

"Service of summons in any action against a person, who at the time of such service is a nonresident of this state, growing out of any accident or collision in which such person may have been involved while operating a motor vehicle upon a public highway of this state or in which a motor vehicle owned by him may have been involved while being operated with his consent, express or implied, on such public highway, may be made upon the secretary of state as the true and lawful attorney of such person with the same legal force as if served on him personally within this state. * * * "

It is clear that this statute permits service upon the Secretary of State as agent for a nonresident motorist only in cases where the collision occurs upon a public highway of this state. *Plopa v DuPre,* 327 Mich 660 (1950).

In this respect, the quoted statute, relied upon by plaintiffs as the means of attempting to obtain jurisdiction over these defendants, dovetails with that portion of the long-arm statute giving Michigan courts limited personal jurisdiction in cases where the defendant is guilty of tortious conduct

in Michigan, or where the defendant is the owner of a motor vehicle which is involved in an accident in Michigan.

MCLA 257.403; MSA 9.2103 also agrees with GCR 1963, 105.2(1), which provides:

".2 Individuals, Substituted Service. Service of process may be made,

"(1) upon an individual nonresident, by service of a summons and a copy of the complaint upon such agent, employee, representative, salesman or servant of the defendant as may be found within the state, and by sending a summons and a copy of the complaint by registered mail addressed to the defendant at his last known address, or"

But where the accident does not occur upon a Michigan highway, the statute does not purport to appoint the Secretary of State as the agent of the nonresident motorist. There being no agent to be found within the state, there is no basis for service by registered mail upon the defendants outside of the state, under the quoted rule.

The concept of constructive situs relied upon by the Court of Appeals has no basis in authority.

The Court of Appeals should be reversed, with costs to the defendant.

LEVIN, J., did not sit in this case.