**MAD HATTER, INC., Plaintiff,**

v.

**MAD HATTERS NIGHT CLUB COMPANY and Mad Hatters Night Club Company of Michigan, Inc., Defendants.**

**Civ. A. No. 5–70232.**

United States District Court,
E. D. Michigan, S. D.

Aug. 13, 1975.

**890**

Thomas J. Ward, Washington, D. C., Thomas E. Griffin, Jr., Griffin & Griffin, Monroe, Mich, for plaintiff.

Thomas M. Woods, Detroit, Mich., George F. Karch, Jr., Brett K. Bacon, Cleveland, Ohio, for defendants.

## MEMORANDUM OPINION

FEIKENS, District Judge.

Plaintiff, Mad Hatter, Inc., a Michigan corporation, has sued defendant, The Last Moving Picture Company, formerly known as Mad Hatters Night Club Company (hereinafter defendant Ohio) and Mad Hatters Night Club Company of Michigan, Inc. (hereinafter defendant Michigan). Plaintiff seeks a declaratory judgment that its trade name and service mark does not violate the rights of either defendant as to their trade name, trademark or service mark under any federal or state law.

Defendant Ohio has moved for dismissal on the ground that this court lacks personal jurisdiction over it or, in the alternative, that the venue is improper. Defendant Michigan has moved for dismissal on the ground that defendant Ohio is an indispensable party under Rule 19 of the Federal Rules of Civil Procedure and plaintiff is unable to join it in this suit.

■ The court has subject matter jurisdiction since a federal question is presented. A federal court in federal question cases may use the long-arm statute of the state in which it sits to obtain personal jurisdiction over defendant in certain circumstances. *Southern Machine Co. v. Mohasco Industries, Inc.*, 401 F.2d 374 (6th Cir. 1968); *Rimar v. McCowan*, 374 F.Supp. 1179 (E.D.Mich. 1974). The Michigan long-arm statute is M.C.L.A. § 600.715. It gives Michigan courts limited personal jurisdiction over a foreign corporation if it is transacting any business within the state, has caused an act which has tortious consequences within the state, owns or uses property within the state, or has entered a contract for goods or services to be furnished within the state. This limited personal jurisdiction extends to all causes of action arising out of the facts which give jurisdiction.

■ The Michigan long-arm statute is interpreted as being the broadest grant of jurisdiction consistent with the constitutional requirements of due process. *Sifers v. Horen*, 385 Mich. 195, 188 N.W.2d 623 (1971); *Schneider v. Linkfield*, 389 Mich. 608, 209 N.W.2d 225 (1973); *Hadad v. Lewis*, 382 F.Supp. 1365 (E.D.Mich.1974). The due process limitations on obtaining *in personam* jurisdiction are defined in three United States Supreme Court cases: *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *McGee v. International Life Insurance Co.*, 355 U.S. 220, 78 S.Ct. 199, 2 L. Ed.2d 223 (1957); *Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). The United States Court of Appeals for the Sixth Circuit held as follows:

"From these . . . cases, three criteria emerge for determining the present outerlimits of *in personam* jurisdiction based on a single act. First, the defendant must purposely avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable." *Southern Machine Co. v. Mohasco Industries, Inc.*, 401 F.2d 374, 381 (6th Cir. 1968).

The three tests have been approved by the Court in several recent cases. *In-Flight Devices Corp. v. Van Dusen Air, Inc.*, 466 F.2d 220, 226 (6th Cir. 1972); *King v. Hailey Chevrolet Co.*, 462 F.2d 63, 67 (6th Cir. 1972); *Davis H. Elliot Co. v. Caribbean Utilities Co.*, 513 F.2d 1176, 1181 (6th Cir. 1975).

■ The facts relevant to the jurisdiction issue as they appear from the ex-

hibits and defendant's answers to plaintiff's interrogatories are as follows: Defendant Ohio is an Ohio corporation engaged in the business of owning, managing, operating and franchising restaurants and night clubs. It has operations in several states. Defendant Michigan is a wholly-owned subsidiary of Defendant Ohio. It is incorporated under the laws of Michigan, but because of difficulty in obtaining a liquor license, it has never opened a place of business here. It did engage in several activities preliminary to opening a business such as opening a bank account, executing a lease and a purchase agreement (both since expired) and holding discussions with Michigan residents pertaining to advertising, sales, promotion techniques and setting up of the business. Officers of defendant Ohio visited Michigan in order to set up the Michigan subsidiary. Plaintiff, a Michigan corporation operating under the name of Mad Hatter, Inc., operates a night club in Monroe, Michigan.

On May 22, 1974 defendant Ohio wrote to plaintiff claiming that plaintiff was infringing its commercial and proprietary rights in its name and service mark. It asked plaintiff to cease using the name of "Mad Hatter" and threatened legal action if it failed to do so. Counsel for plaintiff replied on June 6, 1974. On July 8, 1974 counsel for defendant Ohio again wrote and reiterated its request that plaintiff change its name or face possible legal action.

Those are the facts which, plaintiff claims, give this court jurisdiction over defendant Ohio. I agree. Application of the *Southern Machine Co.* tests, *supra*, to the facts in the instant case demonstrates grounds for *in personam* jurisdiction over defendant Ohio.

██ *First.* Has defendant Ohio purposefully availed itself of the privilege of acting in Michigan or causing a consequence in Michigan? Defendant Ohio acted in Michigan when it set up a wholly owned Michigan subsidiary. It purposefully sought to cause a consequence in Michigan when it wrote to plaintiff trying to cause plaintiff to change its name. To meet this first test the purposeful action of defendant Ohio need not be an income-generating one. It is enough that defendant Ohio has become involved in Michigan through intentional actions, freely performed. *See In-Flight Devices Corp. v. Van Dusen Air, Inc.*, 466 F.2d 220, 228 (6th Cir. 1972); *Davis H. Elliot Co. v. Caribbean Utilities Co.*, 513 F.2d 1176, 1182 (6th Cir. 1975).

*Second.* Did plaintiff's cause of action arise from defendant Ohio's activities in Michigan? Plaintiff's cause of action arises from the letters which defendant Ohio wrote to it in Michigan and from the threatened consequences to the plaintiff in Michigan if it refused to comply with defendant Ohio's request.

*Third.* Do defendant Ohio's acts or the consequences caused by defendant Ohio have a substantial enough connection with the forum state to make the exercise of jurisdiction over it reasonable? Defendant Ohio claims that jurisdiction over it is unreasonable because it is based on only two letters which defendant Ohio wrote to plaintiff. It basically relies on two cases in support of its assertion. They are *Weller v. Cromwell Oil Co.*, 504 F.2d 927 (6th Cir. 1974) and *Margoles v. Johns*, 157 U.S.App.D.C. 209, 483 F.2d 1212 (1973) referred to in *Weller.* These cases are distinguishable from the facts in the instant case. *Weller* was concerned with jurisdiction over the individual officers of the corporation; it did not reach the question of jurisdiction over the corporation itself. The decision in *Margoles* was based on the District of Columbia's long-arm statute which, the court points out, was not intended to reach to the limits of due process. *Margoles v. Johns*, 157 U.S.App.D.C. 209, 483 F.2d 1212, 1220 (1973). Defendant Ohio's reliance on *Weller* and *Margoles* is misplaced.

The authorities in the Eastern District of Michigan and the United States Court of Appeals for the Sixth Circuit are clear that, in a proper case, a single contact with the forum state not involving the physical presence of the defendant is enough to give jurisdiction over the defendant. The United States Court of Appeals for the Sixth Circuit stated:

> "Again it must be emphasized that no particular type of physical contact is required as a jurisdictional prerequisite. A letter or a telephone call may, in a given situation, be as indicative of substantial involvement with the forum state as a personal visit by the defendant or its agents." *In-Flight Devices Corp. v. Van Dusen Air, Inc.*, 466 F.2d 220, 235 (6th Cir. 1972).

More recently the District Court for the Eastern District of Michigan held:

> "The contacts which the defendant must have with the forum are not measured quantitatively, but rather analyzed qualitatively to determine whether a tort committed in this state was in some way the result of those contacts. . . . Rather, in view of the particular tort, the Court believes that a single material representation, which was relied upon, may be sufficient contact with Michigan to allow courts here to exercise jurisdiction . . . ." *Hadad v. Lewis*, 382 F. Supp. 1365, 1371 (E.D.Mich.1974).

Although the contacts in Michigan which defendant Ohio had through its subsidiary, defendant Michigan, may be insufficient to give jurisdiction in the instant case, they are relevant in determining whether jurisdiction meets the "reasonable" test. *See McGraw v. Matthaei*, 340 F.Supp. 162 (E.D.Mich.1972). It is undisputed that this court has personal jurisdiction over defendant Michigan. That defendant Michigan is a wholly-owned subsidiary of defendant Ohio may be insufficient to give the court jurisdiction over defendant Ohio, but it is a relevant consideration favoring the reasonableness of jurisdiction. *See Velandra v. Regie Nationale Des Usines Renault*, 336 F.2d 292, 296–97 (6th Cir. 1964).

Plaintiff relies on *B & J Manufacturing Co. v. Solar Industries, Inc.*, 483 F.2d 594 (8th Cir. 1973), cert. denied, 415 U.S. 918, 94 S.Ct. 1417, 39 L.Ed. 2d 473, (1974), as support for this court obtaining jurisdiction over defendant Ohio. It is similar to the instant case. In it plaintiff sought a declaratory judgment that it was not infringing defendant's trademark, and jurisdiction was based in large part on a threatening letter written by defendant. However, as defendant Ohio pointed out in its reply brief there are also distinguishing features in the case. But this case is not essential to plaintiff's contention.

The court finds that the three tests for determining personal jurisdiction consistent with due process have been met in the instant case and that it, therefore, may exercise personal jurisdiction over defendant Ohio.

■ The court also finds that venue is both proper and convenient in the instant case. Venue is proper under 28 U.S.C. § 1391(b) which permits venue in federal question cases wherever all the defendants reside or wherever the claim arises. Here the entire claim—that defendants were threatening court action because of plaintiff's use of the name of "Mad Hatter"—did arise in Michigan. Venue would be more convenient for defendant Ohio in Ohio but not substantially so. Venue is more convenient for plaintiff in Michigan:

> "It is often said that the plaintiff may not, by choice of an inconvenient forum, 'vex', 'harass', or 'oppress' the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy. But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947).

Since the balance does not strongly favor the defendant here, the court finds that venue is convenient.

Defendant Ohio's motion to dismiss for lack of personal jurisdiction or for improper venue is denied.

Defendant Ohio's motion to dismiss is denied; there is clearly no lack of an indispensable party and, therefore, defendant Michigan's motion to dismiss is also denied.

An appropriate order may be submitted.