MICHIGAN HARNESS HORSEMEN'S ASSOCIATION v RACING
COMMISSIONER

Docket No. 60422. Submitted October 6, 1982, at Lansing.—Decided
February 23, 1983.

The Michigan Harness Horseman's Association brought an action
in the Ingham Circuit Court against Michigan Racing Commis-
sioner Frederick S. Van Tiem, Detroit Racing Association, Inc.,
Hazel Park Racing Association, Inc., and Wolverine Harness
Raceway, Inc., seeking a declaratory judgment that the racing
commissioner is empowered to allocate race dates as he deems
proper without regard to what dates are requested in applica-
tions for race meeting licenses and also seeking appropriate
injunctive relief. The court, James R. Giddings, J., ruled in
favor of the plaintiff, holding that the statutory language
allowing the racing commissioner to allocate or deny only
racing dates for which application has been made was inadver-
tently included in the statute or, if intentional, constituted an
improper delegation of legislative authority. The defendant
racing associations appeal. *Held:*

1. The statutory language is clear and unambiguous and not
subject to judicial construction, nor can the language be treated
as mere surplusage. The racing commissioner's power to allo-
cate racing dates is limited to granting or denying only those
dates for which application has been made. The commissioner
may not compel a licensee to conduct races on dates for which
application has not been made.

2. The placing of a limit on the racing commissioner's author-
ity to allocate race dates is not an improper delegation of
legislative authority.

3. The plaintiff's asserted constitutional arguments are with-
out merit and, further, are not properly before the Court of
Appeals.

Reversed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Statutes §§ 196, 197.
[2, 3] 1 Am Jur 2d, Administrative Law § 100 *et seq.*
[4] 5 Am Jur 2d, Appeal and Error §§ 707, 708.

1. STATUTES — JUDICIAL CONSTRUCTION.

A court may not attempt to construe a statute which is clear and complete on its face and may not assume a mistake has been made or that the Legislature inadvertently used one word or phrase instead of another; every word and phrase of the statute should be given meaning and not treated as mere surplusage or rendered nugatory.

2. PUBLIC OFFICERS — RACING COMMISSIONER — ALLOCATION OF RACE DATES — STATUTES.

The statute which empowers the racing commissioner to "allocate or deny race dates for which application has been made" limits the commissioner's power to allocate racing dates to granting or denying only those dates for which application has been made; he may not compel a licensee to conduct races on dates for which application has not been made (MCL 431.69; MSA 18.966[39]).

3. PUBLIC OFFICERS — RACING COMMISSIONER — ALLOCATION OF RACE DATES — STATUTES.

The statute which limits the racing commissioner's power to allocate racing dates to granting or denying only those dates for which application has been made is not an improper delegation of legislative powers (MCL 431.69; MSA 18.966[39]).

4. APPEAL — CROSS-APPEAL — ISSUES PROPERLY BEFORE COURT.

Issues raised by a plaintiff-appellee in its complaint but not addressed by the trial court are not properly before the Court of Appeals where the appellee has not filed a cross-appeal as to those issues.

*Elconin, Czeryba & Dulany* (by *Richard C. Elconin*), for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Charles D. Hackney* and *Theodore S. Klimaszewski,* Assistants Attorney General, for the Michigan Racing Commissioner.

*Tolleson, Mead, Welchli & Dahn* (by *Hudson Mead), Joseph A. Garcia,* and *Miller, Canfield,*

*Paddock & Stone* (by *John D. Pirich),* for appellants.

Before: BEASLEY, P.J., and M. J. KELLY and W. S. WHITE,* JJ.

M. J. KELLY, J. Plaintiff initiated this action in the Ingham County Circuit Court for declaratory and injunctive relief in regard to the Racing Law of 1980, MCL 431.61-431.88; MSA 18.966(31)-18.966(58). A declaratory judgment was rendered, favoring the position advocated by plaintiff and defendant racing commissioner. The remaining defendants appeal as of right.

Effective December 18, 1980, the Racing Law of 1959 was repealed by the Racing Law of 1980. Under the 1959 law, the Michigan Racing Commissioner acted with virtually unlimited power in allocating racing dates to the various racing tracks in the state. The new law, however, directs that the racing commissioner is to (1) grant or deny each application for a particular form of race meeting license and (2) "allocate or deny racing dates for which application has been made". MCL 431.69; MSA 18.966(39).

Plaintiff claims that the above-quoted provision is ambiguous. According to plaintiff, the language can be interpreted as allowing the racing commissioner to (1) only grant or deny an application for race dates in its entirety, (2) grant or deny an application in total or decrease the dates requested, or (3) allocate dates as he deems proper, regardless of what dates were requested. Although arguing the statute is ambiguous, plaintiff claims that the Legislature clearly intended the third result. The trial court agreed with plaintiff, ruling

---

* Circuit judge, sitting on the Court of Appeals by assignment.

that the statutory language allowing the commissioner to allocate or deny only racing dates "for which application has been made" was inadvertently included in the statute due to an oversight. "Nobody really noticed it", reasoned the court, "and it went through". Finally, the court ruled that if the Legislature did intend to restrict the commissioner's authority to allocate dates, "such would constitute an improper delegation of legislative authority to a private entity contrary to the Michigan Constitution".

I

Michigan courts have sometimes castigated the state Legislature, a co-equal branch of government, for producing hasty legislation and crude, ambiguous legislative acts. See, *e.g., Wales v Lyon,* 2 Mich 276, 282 (1851). In interpreting legislation, however, the courts must be careful not to usurp legislative power. See Const 1963, art 3, § 2 (no person exercising powers of one branch of government shall exercise powers properly belonging to another branch). Under modern jurisprudence, therefore, if the wording of a statute is unambiguous, there is no room for courts to attempt to "construe" it. *Detroit v Redford Twp,* 253 Mich 453, 455; 235 NW 217 (1931); *Pittsfield Twp v Saline,* 103 Mich App 99, 104; 302 NW2d 608 (1981). Where a statute is clear and complete on its face, the courts are not to assume a mistake has been made or that the Legislature inadvertently used one word or phrase instead of another. *Detroit, supra,* p 456. Rather, every word and phrase of the statute should be given meaning and not treated as mere surplusage or rendered nugatory. *Stowers v Wolodzko,* 386 Mich 119, 133; 191 NW2d 355 (1971).

The statutory language involved in the instant case empowers the racing commissioner to "allocate or deny racing dates for which application has been made". MCL 431.69; MSA 18.966(39). These words cannot be treated as mere surplusage. Rather, contrary to prior practice, these words limit the racing commissioner's power to allocate racing dates to granting or denying only those dates for which application has been made. The commissioner may not compel a licensee to conduct races on dates for which application has not been made.

The commissioner's power is embodied in a two-step process. He may grant or deny a race meeting license and, if the license is granted, then allocate the racing dates applied for. This two-step process implies a measure of discretion in the commissioner to award racing dates. Otherwise, the commissioner's power presumably would have been limited to merely granting or denying race meeting licenses. Thus, under the Racing Law of 1980, the commissioner may grant or deny any portion of racing dates which the licensee has applied for. That this limited discretion was intended by the Legislature is clear from the words of the statute. The term "allocate" implies an apportionment, distribution, or division. The commissioner may, therefore, "apportion" to a licensee whatever part or parcel of the dates the licensee has applied for that the commissioner deems appropriate.

## II

The trial court's declaratory judgment order expressly directed the racing commissioner to allocate racing dates "without regard to the words 'for which application has been made' ". The trial

court clearly erred in negating this statutory language.

In its order, the trial court stated that if the Legislature had intended to restrict the commissioner's authority to allocating only dates which a licensee has applied for, such would constitute an improper delegation of legislative authority. Indeed, the Legislature may not delegate its lawmaking powers. *Osius v St Clair Shores,* 344 Mich 693, 698; 75 NW2d 25 (1956). See generally Const 1963, art 4, § 1. In the instant case, however, there has been no delegation of lawmaking powers. The Legislature has merely placed a limit on what dates the commissioner can compel a licensee to hold races. By legislative mandate, the commissioner cannot license or compel an applicant licensee to conduct races on any date he has not requested. Such is not a delegation of lawmaking power.

### III

Plaintiff-appellee asserts that restricting the racing commissioner's power to allocate racing dates would deprive plaintiff of substantive and procedural due process and equal protection and violate the title-object clause of the State Constitution. These constitutional claims were raised by plaintiff in its complaint. The trial court, however, addressed only the improper-delegation-of-legislative-authority claim. Since the trial court did not address the other constitutional issues, and plaintiff has not filed a cross-appeal, these remaining issues are not properly before this Court. See *Therrian v General Laboratories, Inc,* 372 Mich 487, 490; 127 NW2d 319 (1964); *Huey v Campbell, Wyant & Cannon Foundry Co,* 55 Mich App 227, 233; 222 NW2d 191 (1974), *aff'd* 395 Mich 169; 235 NW2d

545 (1975); *Detroit Automobile Inter-Ins Exchange v McMillan,* 97 Mich App 687, 696; 296 NW2d 147 (1980). Nevertheless, we have reviewed these issues and find them to be without merit.

Our resolution of the above issues renders defendants' final issue on appeal, that the trial court's declaratory judgment established an unconstitutional regulatory scheme of taking private property without just compensation, moot.

Reversed.