SCHNEIDER v LINKFIELD

1. COURTS—JURISDICTION—LONG-ARM STATUTE—AUTOMOBILES.

An automobile titled in the state of Michigan is constructively situated in the state of Michigan even while it is being driven in Indiana, and a cause of action proximately arising out of its use in Indiana is one arising out of the ownership of tangible personal property situated within the state within the meaning of the "long-arm" statute conferring limited personal jurisdiction over a person or his representative whose relationship with the state exists because of such ownership (MCLA 600.705).

2. COURTS—JURISDICTION—DUE PROCESS.

The concept of due process is not offended by permitting a plaintiff to sue in Michigan a defendant who was a resident of Michigan at the time that plaintiff's cause of action arose.

3. COURTS—JURISDICTION—LONG-ARM STATUTE—AUTOMOBILES.

Service of process on defendants, former Michigan residents, by personal service and by registered mail in New Jersey conferred limited personal jurisdiction over them in the Michigan courts for the purpose of trying plaintiffs' negligence action arising out of a three-car accident in Indiana where at the time of the accident all parties were Michigan residents and their cars were titled in the state of Michigan (MCLA 600.705).

Appeal from Kent, John H. Vander Wal, J. Submitted Division 3 November 4, 1971, at Grand Rapids. (Docket No. 10725.) Decided April 25, 1972. Leave to appeal granted, 387 Mich 811.

Complaint by Russell Schneider and Marjorie Schneider against Roberta E. Linkfield, Jeanne Marie Murphy, and Eugene Murphy for negligence. Accelerated judgment for defendants Mur-

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 846, 847.
[2] 20 Am Jur 2d, Courts § 49.

phy. Plaintiffs appeal. Reversed and remanded for trial.

*Hillman, Baxter & Hammond* (by *Joel M. Boyden*), for plaintiffs.

*Wheeler, Upham, Bryant & Uhl* (by *Buford A. Upham* and *Geoffrey L. Gillis*), for defendants Murphy.

Before: R. B. BURNS, P. J., and LEVIN and T. M. BURNS, JJ.

T. M. BURNS, J. Plaintiff, Marjorie Schneider, was injured in a three-car accident in Indiana. She was a passenger in an automobile owned and operated by John Bolema. The Bolema automobile first struck the car driven by defendant Roberta Linkfield, and then the Bolema auto was struck by an auto driven by defendant Jeanne Murphy and owned by defendant Eugene Murphy.

The accident occurred on May 11, 1968. At that time, all of the parties in the accident were residents of Michigan. Three months after the accident, however, the defendants Murphy moved to the state of New Jersey where they now reside.

On May 7, 1970, plaintiffs brought suit against all defendants. Service of process was obtained on defendants Murphy both by registered mail and by personal service in the state of New Jersey.[1]

Defendants responded to the service by filing a motion to quash as well as a motion to dismiss. Both motions were based upon the court's lack of jurisdiction over both defendants. The motions were argued on October 2, 1970, and the motion to quash and an accelerated judgment were granted

[1] MCLA 600.1912, 600.1913; MSA 27A.1912, 27A.1913; GCR 1963, 105.9.

to the defendants. The court, in its opinion, concluded by stating that the Kent County Circuit Court "lacks jurisdiction of the person and property of the defendants Jeanne Marie Murphy and Eugene Murphy". Plaintiffs appeal as of right.

Plaintiffs first argue that valid personal service was made upon the defendants in New Jersey. However, defendants did not argue below nor do they argue here that service was defective; rather, they argue that the courts of Michigan are powerless to decide the issues of this case.

Plaintiffs do not contend that the circuit court had general jurisdiction over the defendants. General jurisdiction may be had in one of three ways:

"(1) Presence in the state at the time when process is served.

"(2) Domicile in the state at the time when process is served.

"(3) Consent, to the extent authorized by the consent."[2]

Since none of the above conditions obtained, plaintiffs must rely on RJA § 705,[3] the so-called "long-arm statute" under which limited personal jurisdiction may be obtained. The statute provides:

"Sec. 705. The existence of any of the following relationships between an individual or his agent and the state shall constitute a sufficient basis of jurisdiction to enable the courts of record of this state to exercise limited personal jurisdiction over such individual and to enable such courts to render personal judgments against such individual or his representative arising out of the act or acts which create any of the following relationships:

"(1) The transaction of any business within the state.

---

[2] RJA § 701; MCLA 600.701; MSA 27A.701.
[3] MCLA 600.705; MSA 27A.705.

"(2) The doing or causing any act to be done, or consequences to occur, in the state resulting in an action for tort.

"(3) The ownership, use, or possession of any real or tangible personal property situated within the state.

"(4) Contracting to insure any person, property, or risk located within this state at the time of contracting.

"(5) Entering into a contract for services to be rendered or for materials to be furnished in the state by the defendant.

"(6) Acting as a director, manager, trustee, or other officer of any corporation incorporated under the laws of, or having its principal place of business within, the State of Michigan."

In order that the courts of this state may exercise jurisdiction over defendants, plaintiffs must show that their cause of action arose out of one of the relationships enumerated in the statute.

It would seem that when a cause of action arises out of an automobile accident, even though in Indiana, and all parties are residents of Michigan driving automobiles titled in Michigan, that general jurisdiction could be obtained over the defendants even though the defendants might move to another jurisdiction some time after the cause of action has arisen. However, there is no provision in the statute whereby general jurisdiction may be exercised over an individual under the facts presently before this Court.

However, in this instant case, the accident did proximately arise out of the use of an automobile that was titled by the state of Michigan. The automobile was, therefore, constructively situated in the state of Michigan because titled here, even while defendant was driving the car in Indiana. Therefore, in our opinion, the situation does come within the purview of RJA § 705(3). The cause of action did arise out of the use of personal property

constructively situated within the state of Michigan.

The so-called "long-arm" statute is construed by the courts of this state as granting the broadest basis of jurisdiction which is still consistent with due process. See *Sifers v Horen,* 385 Mich 195 (1971). In construing whether the concepts of due process are offended by allowing a plaintiff to sue in Michigan, it is our opinion that the fairness factor is important.

" 'Historically the jurisdiction of courts to render judgment *in personam* is grounded on their *de facto* power over the defendant's person. Hence his presence within the territorial jurisdiction of a court was prerequisite to its rendition of a judgment personally binding him. *Pennoyer v. Neff* (1877), 95 US 714, 733 (24 L Ed 565). But now that the *capias ad respondendum* has given way to personal service of summons or other form of notice, due process requires only that in order to subject a defendant to a judgment *in personam,* if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." '

"While this statement has often been quoted, the courts have rarely considered the fairness factor in deciding jurisdictional questions. We believe that this is an important factor to consider. Precisely because there has been a tremendous increase in interstate commerce and interstate contacts, the courts must give consideration to the question of fairness in deciding jurisdictional questions, and necessarily decisions must be reached on a case-by-case basis." *Sifers v Horen, supra* at 207 *(dissenting* opinion by SWAINSON, J.).

We see nothing unfair about allowing a plaintiff to sue in Michigan a defendant who was a resident of the jurisdiction at the time the cause of action arose. Since the factual situation does fit within the "long-arm" statute and we find nothing viola-

tive of due process in allowing plaintiffs to sue these defendants in the state of Michigan, the trial court did err in ruling that the court lacked jurisdiction. We must, therefore, reverse and remand for a trial on the merits.

Reversed and remanded.

All concurred.