**Charles SPECKINE, Plaintiff,**

v.

**STANWICK INTERNATIONAL, INC., Defendant.**

**No. K74–73 CA8.**

United States District Court, W. D. Michigan, S. D.

Dec. 3, 1980.

---

Jon P. Desenberg, Detroit, Mich., for plaintiff.

James P. Feeney, Detroit, Mich., for defendant.

## OPINION

BENJAMIN F. GIBSON, District Judge.

This is a diversity action arising out of an alleged breach of an employment contract. The defendant is a Delaware corporation with its principal offices in Arlington, Virginia. At the time of the events surrounding this cause of action, the defendant was engaged in a project in Iran and was providing services for the Iranian Navy. In July, 1972, Charles Speckine, a Michigan resident, mailed a resumé to Stanwick International's offices in Arlington, Virginia and asked for a job at defendant's Iranian operation. Chad Walker of Stanwick then telephoned Speckine to discuss his application. On the following day Speckine called Walker to further discuss the situation. As a result of this second telephone conversation, Stanwick sent an airplane ticket and an employment application to Speckine and advised him to report to defendant's offices in Arlington, Virginia.

The plaintiff has testified, on deposition, that he was verbally assured that he had the job and was told that coming to Virginia and filling out the employment application was a mere formality. In any event, a written contract of employment for one year was signed by the parties at defendant's offices in Virginia on August 2, 1972. Thereafter, the plaintiff went to work for Stanwick in Iran and the entire contract was performed by both parties without incident.

On June 27, 1973, while Speckine was working for Stanwick in Iran, he signed a new employment agreement. This agreement required plaintiff to work for defendant in Iran for another year after completion of the first contract. It was this contract that was never performed as a dispute arose as to whether Speckine had been terminated. That dispute culminated in Speckine's departure from Iran and return to his home in Michigan.

Subsequently, plaintiff filed this lawsuit in the Berrien County Circuit Court alleging breach of contract. Stanwick removed to this Court and filed an answer asserting the defense of no personal jurisdiction. After deposing the plaintiff, Stanwick filed its motion to dismiss for lack of personal jurisdiction, to quash service of process and for summary judgment. Speckine later responded by filing an amended complaint alleging, basically, that the breach of contract constituted tortious conduct by the defendant.

In support of defendant's motion to dismiss for lack of personal jurisdiction, it has filed an uncontested affidavit setting forth the facts that: a) Stanwick is a Delaware corporation with principal offices in Arlington, Virginia; b) the business of the company is to provide management and consultant services to foreign clients, especially in the marine field; c) it receives no revenues in Michigan, owns no property and pays no taxes in Michigan; d) it has never advertised in Michigan. The plaintiff seeks to uphold jurisdiction based on two provisions of the Michigan Long Arm Statute which would permit the exercise of jurisdiction in a case where the defendant either transacts any business within the state or the defendant does or causes any action to be done, or consequences to occur, in the state resulting in an action for tort.[1] The issues are whether Stanwick's hiring of a Michigan resident, along with two or three telephone calls and the mailing of the plane ticket to the plaintiff in Michigan permit the exercise of jurisdiction over defendant Stanwick under the provisions of the Michigan Long Arm Statute and, ultimately, whether defendant has the requisite minimum contacts with the forum state.

 This Court sitting in diversity is required to look first to Michigan law to determine the reach of jurisdiction of the Courts of this state. The ultimate due process question; however, is whether the defendant has minimum contacts with the State of Michigan so as to not to offend our notions of "fair play of substantial justice" in requiring Stanwick to defend an action in this forum. *International Shoe Co. v.*

*Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); *McGee v. International Life Ins. Co.*, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957). In *Sifers v. Horen*, 385 Mich. 195, 188 N.W.2d 623 (1970), the Michigan Supreme Court declared that subsection 1 of the Long Arm Statute at issue (that portion permitting the exercise of jurisdiction if the defendant transacts any business within the state) was the Legislature's method of bestowing upon the courts the broadest grant of jurisdiction that would be consistent with due process. See also *Schneider v. Linkfield*, 40 Mich.App. 131, 198 N.W.2d 834, aff'd 389 Mich. 608, 209 N.W.2d 225 (1972). Where the state makes such a declaration, the Long Arm Statute and the minimum contacts tests merge. The only question becomes that of due process. *Davis H. Elliott Co., Inc. v. Caribbean Utilities Co., Ltd.*, 513 F.2d 1176 (6th Cir. 1975). This Court takes further guidance from the *Davis H. Elliott* case and *Southern Machine Co. v. Mohasco Industries*, 401 F.2d 374 (6th Cir. 1968) in applying the three criteria necessary for the outer limits of personal jurisdiction consistent with due process.

The three criteria developed by the Sixth Circuit include findings that: a) the defendant has purposefully availed itself of the privilege of acting in the forum state; b) the cause of action arises from defendant's activities in that state and c) defendant's acts or the consequences have a substantial enough connection with the forum state so as to make the exercise of jurisdiction reasonable. Such criteria are consistent with

---

1. The Michigan Long Arm Statute permitting the exercise of limited personal jurisdiction over corporations provides, in its entirety, as follows:

**600.715 Same; limited personal jurisdiction**
Sec. 715. The existence of any of the following relationships between a corporation or its agent and the state shall constitute a sufficient basis of jurisdiction to enable the courts of record of this state to exercise limited personal jurisdiction over such corporation and to enable such courts to render personal judgments against such corporation arising out of the act or acts which create any of the following relationships:

(1) The transaction of any business within the state.
(2) The doing or causing any act to be done, or consequences to occur, in the state resulting in an action for tort.
(3) The ownership, use, or possession of any real or tangible personal property situated within the state.
(4) Contracting to insure any person, property, or risk located within this state at the time of contracting.
(5) Entering into a contract for services to be performed or for materials to be furnished in the state by the defendant. P.A.1961, No. 236, § 715, Eff. Jan. 1, 1963.

the Supreme Court's recent expression that the due process inquiry must focus, not on the unilateral activities of the plaintiff, but on the relationship between the defendant, the forum and the litigation. *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); *Rush v. Savchuk*, 444 U.S. 320, 100 S.Ct. 571, 62 L.Ed.2d 516 (1980). This Court finds that none of the three criterion is met in the case at bar. This Court is, therefore, unable to exercise personal jurisdiction over plaintiff Stanwick International.

■ In order to find that the defendant "purposefully availed" itself of the privilege of acting in the forum state, there need not be income generating business. There must; however, be involvement with the forum state through actions freely and intentionally done by the defendant. *Davis H. Elliott Co. v. Caribbean Utilities Co., Ltd.*, 513 F.2d 1176 (6th Cir. 1975). This requirement is consistent with a long line of Michigan cases which have interpreted subsection 1 of the Long Arm Statute. In *Khalaf v. Bankers & Shippers Ins. Co.*, 404 Mich. 134, 273 N.W.2d 811 (1978), the Michigan Supreme Court explained that:

A purposeful availment is something akin either to a deliberate undertaking to do or cause an act or thing to be done in Michigan or conduct which can properly be regarded as a prime generating cause of the effects resulting in Michigan, something more than a passive availment of Michigan opportunities.

In the case at bar, defendant has done nothing more than to respond to plaintiff's unilateral request for employment by calling him and then sending a plane ticket enabling plaintiff to travel to Virginia. Stanwick did not undertake to sell or transport any goods into Michigan, to perform any services in Michigan or to do anything in Michigan other than to discuss an employment opportunity with a Michigan resident. Cases in which jurisdiction of the Michigan Courts has been invoked involve some act by the defendant to solicit or advertise its business within the state. Such action would yield a correspondent benefit to the defendant in the nature of the business opportunities obtained as a result of the solicitation. *Sifers v. Horen*, 385 Mich. 195, 188 N.W.2d 623 (1970); *Kiefer v. May*, 46 Mich.App. 566, 208 N.W.2d 539 (1973). But see *Woodward v. Keenan*, 88 Mich.App. 791, 279 N.W.2d 317 (1979) (jurisdiction denied based on rule). The case at bar is clearly distinguishable. In fact, this Court finds that defendant Stanwick did less to purposefully avail itself of any Michigan opportunities than did the defendant in *Capital Dredge & Dock Corp. v. Midwest Dredging*, 573 F.2d 377 (6th Cir. 1978) where the Sixth Circuit affirmed a holding that the trial court had no jurisdiction over the defendant.

■ In addition to the requirement that the defendant must have purposefully availed itself of the privilege of acting in the forum state, the cause of action must arise from defendant's activities there and those activities must have a substantial connection with Michigan. In addressing these elements this Court looks back to the provisions of the Michigan Long Arm Statute to determine whether the cause of action arose out of one of the relationships enumerated and whether the Michigan Legislature has seen fit to declare that such a relationship has a substantial connection with the state. *Schneider v. Linkfield*, 40 Mich.App. 131, 198 N.W.2d 834, *aff'd* 389 Mich. 608, 209 N.W.2d 225 (1972); *Southern Machine Co. v. Mohasco Industrial Co.*, 401 F.2d 374 (6th Cir. 1968). See also *McGee v. International Life Ins. Co.*, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957). The cause of action in this case arises from an alleged breach of contract. The contract that was allegedly breached was made in Iran, was to be performed entirely in Iran and was allegedly breached in Iran. Plaintiff asks this Court to look, not only at the second contract which resulted in the alleged breach, but to go back to the July, 1972 telephone negotiations to find both that the cause of action arose from defendant's "activities" in Michigan and to find that those activities had a substantial connection with Michigan. The problem with this approach is twofold. In light of this Court's holding that the de-

fendant's "contacts" if any, with Michigan did not constitute a purposeful availment by defendant of Michigan opportunities, to look back at the July, 1972 telephone conversations can only serve the purpose of establishing the relationship between the parties to this action. That relationship is not controlling for as expressed earlier, it is the relationship between the defendant, the forum state and the litigation which is crucial. *Rush v. Savchuk*, 444 U.S. 320, 100 S.Ct. 571, 62 L.Ed.2d 516 (1980).[2] Secondly, to say that the telephone conversations and/or the mailing of the airplane ticket to plaintiff in Michigan constitutes a substantial connection with Michigan ignores the fact that the effect which was to result from these activities was that Speckine would leave the state of Michigan to go to work for defendant in Iran. With respect to breach of contract cases which do not involve the transaction of any business with the state, Michigan has expressed its interest only in those which require services to be performed or goods to be shipped into the state of Michigan. MCLA 600.715(5). The Michigan Legislature has never stated that the mere contracting with a Michigan resident is sufficient to invoke the jurisdiction of the Michigan Courts. In the final analysis; however, the plaintiff's arguments come down to an assertion that jurisdiction over the defendant should be based on plaintiff's residence. This is clearly not the law and is not consistent with due process requirements. See *Sifers v. Horen*, 385 Mich. 195, 188 N.W.2d 623 (1971) (Swainson, J., Dissenting).

 This Court further rejects plaintiff's contentions that defendant has consented to jurisdiction by removing the action from state court and/or by deposing the plaintiff or that jurisdiction should be based on the provisions of MCLA 600.715(2) since plaintiff has amended his complaint to allege tortious conduct on the part of defendant. It is a well recognized rule that plaintiff has the burden to prove personal jurisdiction. *Weller v. Cromwell Oil Co.*, 404 F.2d 927 (6th Cir. 1974). Plaintiff has pointed to no authority which supports the contention that removal results in a waiver of the personal jurisdiction defense, especially when that defense is immediately asserted in the removed action. In fact, the authority points to the contrary. 5 C. Wright and A. Miller, Federal Practice and Procedure § 1395. In addition, the cases relied on by plaintiff to support his claim of waiver by deposing Speckine are clearly distinguishable. One involved the failure of the defendant to file an answer or motion raising the jurisdiction defense before the deposition was taken; the other involved a waiver of a prior objection to the *venue* of the lawsuit. Finally, it is apparent that this lawsuit arises from an alleged breach of contract no matter what tort label the plaintiff may try to put on it. Michigan law is clear in not recognizing a cause of action for tort in a contract setting unless there is a relationship that gives rise to the duty from some source other than the contract itself. *Hart v. Ludwig*, 347 Mich. 559, 79 N.W.2d 895 (1956). See also *Kewin v. Massachusetts Mutual*, 409 Mich. 401, 295 N.W.2d 50 (1980). The plaintiff in this case; however, has failed to show any duty arising from any source other than the employment contract itself.

Accordingly, this Court holds that it does not have personal jurisdiction over defendant Stanwick International. Service of process is therefore quashed and the case is dismissed.[3]

IT IS SO ORDERED.

---

2. It appears clear that there can be no exercise of general personal jurisdiction over defendant as provided in MCLA 600.711 for the reason that the uncontested affidavit of defendant's agent indicates that defendant is not incorporated in Michigan and carries no "continuous and systematic business" in Michigan.

3. Since this issue is dispositive, this Court expresses no opinion on the merits of defendant's motion for summary judgment.