**STEELCON, INCORPORATED, Plaintiff,**

v.

**BEAVER INSURANCE COMPANY, Defendant.**

**No. K86–112 CA.**

United States District Court, W.D. Michigan, S.D.

Dec. 10, 1986.

Alan H. Silverman, Catherine D. Shaub, Alan H. Silverman, P.C., Kalamazoo, Mich., for plaintiff.

William J. Gillett, Darrell M. Grams, Dykhouse & Wise, Detroit, Mich., for defendant.

## OPINION

BENJAMIN F. GIBSON, District Judge.

Plaintiff filed this action in state court, alleging breach of contract, violation of the Michigan Consumer Protection Act, M.C.L.A. § 445.901, *et seq.*, and violation of the Michigan Insurance Code, Uniform Trade Practices Act, M.C.L.A. § 500.2001, *et seq.*, in connection with a dispute involving the amount of premium to be refunded to the plaintiff under an insurance policy issued by the defendant. The defendant removed the case to this forum, alleging jurisdiction based upon diversity of citizenship. Now before the Court is defendant's motion to

dismiss for lack of personal jurisdiction, or in the alternative to quash service of process. Fed.R.Civ.P. 12(b)(2), (5). The plaintiff has responded in opposition thereto.

## FACTS

Beaver Insurance Co., ("Beaver"), provides workers' compensation insurance to Steelcon for its employees working at the GM/Toyota plant in Fremont, California. Steelcon, Inc., ("Steelcon"), has alleged that Beaver has incorrectly calculated the amount of premium to be refunded under the policy term and the disputed amount is $35,000.

Beaver is incorporated in California with its principal offices located in San Francisco, California. Beaver is only licensed to transact business in California and eight other western states. It insures no risks in Michigan, it is not licensed to do business in this state, it has no agents or offices located here and it has not advertised or solicited business in this state. Although the policy in question is issued to Steelcon, a Michigan corporation, it only provides coverage for those Steelcon employees in California who work at the GM/Toyota facilities.

Beaver's relationship with Steelcon arose as a result of an independent insurance agent's inability to provide coverage. The agent, Bruce Mickel, contacted First Insurance Mart, ("First"), a broker in Ohio, in an effort to locate an insurance carrier. First thereafter contacted Beaver, and all negotiations and correspondence regarding the initial coverage occurred through First in Ohio. Subsequently, all premium payments were transmitted through First; however Beaver and Steelcon were in direct contact regarding the premium dispute at issue.

## DISCUSSION

Defendant claims that it lacks the requisite "minimum contacts" with the State of Michigan in order for this court to exercise personal jurisdiction. Plaintiff claims, however, that by virtue of the Michigan Long-Arm Statute, M.C.L.A. § 600.715, the legislature specifically intended to extend jurisdiction over insurance companies in

Beaver's position. Alternatively, the plaintiff contends that even if Beaver does not fall within the specific jurisdictional boundaries as defined in the statute, that Beaver had sufficient contacts with the state in order to invoke the jurisdiction of the Michigan courts.

The applicable provisions of the Michigan Long-Arm Statute, M.C.L.A. § 600.715, provide as follows:

> The existence of any of the following relationships between a corporation or its agent and the state shall constitute a sufficient basis of jurisdiction to enable the courts of record of this state to exercise limited personal jurisdiction over such corporation and to enable such courts to render personal judgments against such corporation arising out of the act or acts which create any of the following relationships:
>
> (1) The transaction of any business within the state.
>
> (4) Contracting to insure any person, property, or risk located within this state at the time of contracting.

The plaintiff contends that under subsection (1), Beaver, through its agent First, has transacted business by entering into a contract to insure Steelcon, and that it has acted purposefully and unilaterally in initiating telephone and written contacts with Steelcon regarding that business. Under subsection (4), the plaintiff contends that the plain language of the statute confers jurisdiction of Michigan courts over Beaver based solely on the fact that Beaver insured Steelcon against risks incurred by its employees.

■ Contrary to the plaintiff's contention, the Court must look beyond the plain language of the statute in determining whether in personam jurisdiction exists. Not only must the Court determine whether the defendant's actions are ones which the statute contemplates as a basis for jurisdiction, but the Court must further assess whether the assertion of jurisdiction meets the requirements of due process. The Michigan Supreme Court has con-

strued the Long Arm Statute as extending personal jurisdiction to the maximum limits of due process, therefore, the issue becomes whether the mandates of due process have been satisfied. *Speckine v. Stanwick International, Inc.,* 503 F.Supp. 1055 (W.D.Mich.1980).

■ In determining whether the exercise of personal jurisdiction is consistent with due process, three criteria must be satisfied: (a) the defendant must purposefully avail itself of the privilege of acting in the forum state; b) the cause of action must arise from the defendant's activities in that state; and c) the defendant's acts or the consequences caused by the defendant must have a substantial enough connection with the forum state so as to make the exercise of jurisdiction reasonable. *Southern Machine Co. v. Mohasco Industries,* 401 F.2d 374, 381 (6th Cir.1968). The central focus of the Court's analysis, therefore, is on the relationship between the defendant, the forum and the litigation. *Speckine,* 503 F.Supp. at 1058. With this premise in mind, the Court will address each criterion *seriatim.*

## I. PURPOSEFUL AVAILMENT OF THE PRIVILEGE OF ACTING IN MICHIGAN

■ A purposeful availment requires involvement with the state through actions freely and intentionally done by the defendant, that is, something more than a situation where all contact results entirely from a decision made by the plaintiff. *Davis H. Elliot Co. v. Caribbean Utilities Co., Ltd.,* 513 F.2d 1176 (6th Cir.1975). Similarly, the Michigan Supreme Court has defined a purposeful availment as:

> ... something akin either to a deliberate undertaking to do or cause to an act or thing to be done in Michigan or conduct which can be properly regarded as a prime generating cause of the effects resulting in Michigan, something more than a passive availment of Michigan opportunities. The defendant will have reason to foresee being "haled before" a Michigan court. *Khalaf v. Bankers &*

*Shippers Insurance Co.,* 404 Mich. 134, 153, 273 N.W.2d 811 (1978).

In this case, the defendant has not solicited or otherwise sought to extend its business into Michigan. Defendant responded to a unilateral request of an Ohio insurance broker regarding coverage of the plaintiff for a risk located in California. The particular transaction was initiated and completed by the insurance broker, and affidavits indicate that, in general, Beaver does not solicit or advertise in this state. Moreover, Beaver is not licensed to sell insurance in Michigan, it has no agents present here, it insures no risks located here, and negotiations regarding the transaction occurred outside of this state.

Plaintiff, however, citing *Southern Machine,* 401 F.2d at 382, contends that the defendant willingly entered into the agreement and that the lack of solicitation does not diminish the purposefulness of that choice. In *Southern Machine,* the defendant, through unsolicited and direct contact with the plaintiff, chose to become a party to a manufacturing agreement which was to be partly performed in the forum, and which therefore had reasonably foreseeable consequences in that state. *See, Id.* at 382. The facts of the case indicate that lack of solicitation by the defendant was immaterial because, nonetheless, its acts had a direct and contemplated impact upon the commerce of the state. *See, Id.* at 383. In this case, however, contact with the state was indirect and unsolicited, and the contract, though willingly entered into, created no obligations which would directly and realistically impact upon the commerce of the state, as in *Southern Machine.* Defendant's business is localized in the western states, any insurance sold is restricted to business operations located in those states, and the contract at issue though with a Michigan company can only be performed in California pursuant to California laws. Mere contracting with a Michigan resident, however, is insufficient to invoke personal jurisdiction. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).

■ Plaintiff further contends that the dual nature of the insurance broker as an agent for both parties, plus direct written and telephone communications between the parties regarding construction of the policy is additional evidence of a deliberate undertaking to act in Michigan. The Court is of the opinion, however, that First, as a broker hired by the plaintiff, is solely the agent of the plaintiff in connection with the procurement of this insurance. *Travelers Indemnity Co. v. National Indemnity Co.*, 292 F.2d 214, 219 (8th Cir.1961); *Mayer v. Auto-Owners Insurance Co.*, 127 Mich.App. 23, 338 N.W.2d 407 (1983). Therefore all efforts to obtain the particular coverage were instigated at the behest of the plaintiff. Furthermore, it is the Court's opinion that direct telephone and written communications occurring after inception of the policy, is not the transaction of business within the meaning of the Long Arm Statute and is insufficient to justify the exercise of personal jurisdiction. *See, Doebler v. Stadium Productions Ltd.*, 91 F.D.R. 211 (W.D.Mich.1981). Considering the facts in the light most favorable to the plaintiff, the Court finds that Beaver took no affirmative action to avail itself of Michigan opportunities, that the generating cause was the plaintiff's desire to do business with the defendant and that the transaction involved does not give rise to any foreseeable expectation of being sued in Michigan. There is simply no evidence of purposeful availment of the privilege of acting in Michigan and the Court concludes that the first criterion has not been satisfied.

## II. THE CAUSE OF ACTION AND DEFENDANT'S ACTIVITIES WITHIN MICHIGAN

The next element to be addressed is whether the cause of action arises from the defendant's activities within the state. This action arises out of an alleged breach of an insurance agreement. The contract must therefore have arisen from an undertaking in Michigan. Though the contract was formed with a Michigan corporation, it was negotiated in Ohio and California. The contract covers Steelcon's California workers only and hence is performable only in California and is subject to California laws. Defendant's activities relative to formation of and breach of the agreement have occurred outside of this state and the consequences of these activities will be incurred in California. Analyzing the relationship between the defendant, this forum and the litigation, *Speckine*, 503 F.2d at 1059, the Court concludes that this cause of action has not arisen from any activities of the defendant within the state.

## III. SUBSTANTIAL CONNECTION OF THE DEFENDANT'S ACTS AND THE FORUM STATE

■ Closely tied to the previous inquiry is the question of whether the defendant's acts or the consequences thereof have a substantial enough connection with this forum. In this instance, the query is whether the insurance agreement has a substantial connection with the state of Michigan. A substantial connection may be found where the state has an interest in resolving business disputes. *See, Southern Machine*, 401 F.2d at 384. In this case, the Michigan legislature has expressed an interest in contracts that insure any person, property or risk located within the state. M.C.L.A. § 600.715(4). The plain language of the statute appears to contemplate a basis for jurisdiction, as Beaver insures a corporation located within Michigan. The Court is of the opinion, however, that the mere existence of the insurance agreement, absent any related activities or business transactions within the state, is not a sufficient connection to meet due process requirements. The Court concludes that Michigan's interest is tenuous at best and that jurisdiction over the defendant is unreasonable where negotiation and breach of the agreement occurred outside of Michigan and where the contract is performable outside of this state. In the final analysis, the defendant's sole contact with the state is by virtue of the presence of the plaintiff's home offices. It is axiomatic that jurisdiction cannot be predicated on the

plaintiff's residence. *Speckine,* 503 F.Supp. at 1059. Accordingly, the Court concludes that the exercise of personal jurisdiction in this matter is inconsistent with the mandates of due process. Defendant's motion to dismiss is therefore granted.