**Hugh STURGILL, Plaintiff,**

v.

**CHEMA NORD DELEKKEMI NOBEL INDUSTRIES, et al., Defendants.**

**No. C–1–87–1013.**

United States District Court, S.D. Ohio, W.D.

June 24, 1988.

Arthur B. Casper, Middletown, Ohio, for plaintiff.

Robert Clark Neff, Jr., James B. Helmer, Jr., Cincinnati, Ohio, for defendants.

## ORDER GRANTING MOTION TO DISMISS OF DEFENDANT EKA NOBEL ELEKTROKEMI AB

SPIEGEL, District Judge.

This matter came on for consideration of the motion to dismiss of Chema Nord Delekkemi Nobel whose proper name is Eka Nobel Elektrokemi Ab (hereafter Eka Nobel) (doc. 6), which motion is opposed by plaintiff (doc. 13) to which defendant Eka Nobel has replied (doc. 14). Defendant Eka Nobel has moved pursuant to Rules 12(b)(2), 12(b)(4), and 12(b)(5), Fed.R.Civ.P. for an order dismissing the action for lack of personal jurisdiction, for insufficiency of process, and for insufficiency of service of process. It also has appeared especially and solely for the purpose of objecting to the jurisdiction of the Court and in no way has waived its right to later assert other defenses to the action including a motion to dismiss under Rule 12(b).

This is a personal injury case in which plaintiff suffered serious bodily injuries when certain chemicals he was mixing, as an employee of Tri State Manufacturing Company, Inc. of Loveland, Ohio, exploded. Tri State Manufacturing Company, Inc. manufactures fireworks. Plaintiff brought his action against Eka Nobel and other defendants as the manufacturers of the chemicals involved in the explosion. Eka Nobel removed the matter to Federal Court from Hamilton County Common Pleas Court where it was filed. The complaint alleges that Eka Nobel was a manufacturer and distributor of potassium perchlorate, one of the chemicals involved in the explosion and that Eka Nobel placed the chemical into the stream of international, national, interstate commerce where it eventually came to be used by the plaintiff at Tri State Manufacturing Company, Inc. in Loveland, Ohio.

Discovery by the parties discloses that Eka Nobel is a corporation organized under the laws of Sweden with its principal place of business in Stockholm, Sweden, that it transacts no business in Ohio either directly or through any agents, owns no real estate in the State of Ohio, has no offices or personnel in the State of Ohio and maintains no telephone listings in the State of Ohio. Further, Eka Nobel has not sold directly in Ohio any product used in the manufacture of fireworks nor has it indirectly sold such products in Ohio through agents.

The only direct contact between Eka Nobel and plaintiff's employer Tri State Manufacturing occurred in 1983 when Tri State sought a price quotation of potassium per-

chlorate. The division manager of Eka Nobel sent a letter to Tri State providing the quotations and Tri State thereafter ordered a purchase order to Eka Nobel. However, Eka Nobel telegraphed Tri State that it could not confirm the order.

Discovery further disclosed that potassium perchlorate is used in the manufacture of fireworks, that Eka Nobel has shipped potassium perchlorate into the United States on ten-to-thirty occasions per year since 1983 which shipments total from two hundred to six hundred metric tons per year, and Eka Nobel has derived revenues from $200,000 to $700,000 per year since 1983 for the shipments of this chemical into the United States. Eka Nobel ships its products to businesses in California, Connecticut, Illinois, Indiana, Maryland, New Jersey, New York and Pennsylvania having done so at least since November 15, 1983. Employees of defendant have made many business trips to the United States since that date but none to Ohio. Finally, Eka Nobel was sued in the Common Pleas Court of Lucas County, Ohio but was eventually dismissed from the action.

Eka Nobel contends that this Court lacks personal jurisdiction over it and therefore should be dismissed under Rule 12(b)(2), Fed.R.Civ.P., and that it is entitled to dismissal under Rules 12(b)(4) and 12(b)(5), Fed.R.Civ.P., because of alleged insufficiency of process and insufficiency of service of process.

*In Personam Jurisdiction*

It is defendant Eka Nobel's position that this Court lacks personal jurisdiction over it because, this being a diversity action, personal jurisdiction is limited by the due process clause of the Fourteenth Amendment to the Constitution. *Asahi Metal Industry Co. v. Superior Court*, 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987); *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); that defendant Eka Nobel must conduct sufficient business in the State of Ohio to constitute adequate minimum contacts with Ohio so that this suit is consistent with "traditional notions of fair play and substantial justice." *International Shoe, Id.* at 316, 66 S.Ct. at 158.

Since this is a diversity case we must look to the law of the forum state, i.e., Ohio's "long arm statute," to determine whether the exercise of jurisdiction is consistent with the Constitution's due process clause. *In–Flight Devices Corp. v. Van Dusen Air, Inc.*, 466 F.2d 220 (6th Cir. 1972). The Sixth Circuit Court of Appeals has determined that under the Ohio long arm statute, Ohio Rev.Code § 2307.382(A)(1), the "transaction of any business" provision extends the jurisdiction of the Ohio courts to the constitutional limit. *In–Flight Devices* and *Southern Machine Co. v. Mohasco Industries, Inc.*, 401 F.2d 374 (6th Cir.1968) established the standards for measuring the limits of the exercise of personal jurisdiction over nonresident defendants. The analysis provides: first, the defendant must purposely avail himself of the privilege of acting in the forum state; second, the cause of action must arise from the defendant's activities in the forum state; and finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of the jurisdiction over the defendant reasonable. *Also see Asahi Metal Industry Co. v. Superior Court of California, supra; Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).

The Sixth Circuit has recently affirmed the *Southern Machine* analysis in *R.L. Lipton Distributing v. Dribeck Importers, Inc.*, 811 F.2d 967 (6th Cir.1987). When we apply the *Southern Machine* analysis to the instant case we conclude that the exercise of jurisdiction by this Court over defendant Eka Nobel would be unreasonable and violate due process. In the first place Eka Nobel has not purposely availed itself of the privilege of acting in Ohio and plaintiff's contention that this Court should exercise jurisdiction over it because it placed goods in the stream of commerce is without merit. Neither the

Ohio long arm statute nor case law support such theory. Long arm jurisdiction in Ohio requires that the non-resident defendant actually transact business in Ohio and that the cause of action arise out of that transaction of business. Section 2307.38.2, Ohio Rev.Code; *In–Flight Devices, supra; Mellott v. Dico Co.*, 7 Ohio App.3d 52, 454 N.E.2d 146 (Ct.App. Wayne Cty. 1982); *Ohio State Tie and Timber v. Paris Lumber*, 8 Ohio App.3d 236 (Ct.App. Franklin Cty. 1982). The Supreme Court of the United States has endorsed the same result. *See Asahi Metal Industry, supra* and *World–Wide Volkswagen. Ross v. Spiegel, Inc.*, 53 Ohio App.2d 297, 373 N.E. 2d 1288 (Ct.App. Franklin Cty. 1977) cited by plaintiff in support of his contention is misplaced in that it is distinguishable on the facts and questionable whether its holding is good law today.

Plaintiff claims that this Court should accept *in personam* jurisdiction over Eka Nobel because it was allegedly foreseeable that Eka Nobel products would eventually be used in Ohio. The Supreme Court of the United States in *World–Wide Volkswagen*, 444 U.S. at p. 297, 100 S.Ct. at 567, discussed foreseeability. It stated:

This is not to say, of course, that foreseeability is wholly irrelevant. But the foreseeability that is critical to due process analysis is not the mere likelihood that a product will find its way into the forum state. Rather, it is that the defendant's conduct in connection with the forum state are such that he should reasonably anticipate being hailed into court there.

Although Eka Nobel did sell its products to buyers inside the United States, there is no evidence that it sold its product directly to buyers inside Ohio. We agree with defendant that the issue is not whether defendant Eka Nobel should have foreseen that its product would end up in Ohio, because the product may end up anywhere in the world, but rather whether defendant Eka Nobel has had sufficient contact with Ohio that it should reasonably anticipate being haled into court in Ohio. On the evidence before us we conclude that there was insufficient contact by defendant Eka Nobel with Ohio for it to reasonably have anticipated such a result.

On the issue of the burden of proof that plaintiff must meet in establishing personal jurisdiction we have previously stated:

It is well settled in this Circuit that the plaintiff bears the burden of establishing personal jurisdiction over each defendant by a preponderance of the evidence. *Weller v. Cromwell*, 504 F.2d 927 (6th Cir.1974). Should the court attempt to decide the jurisdictional issue solely on the basis of written material, plaintiff must establish a *prima facie* case of *in personum* jurisdiction, i.e., demonstrate facts sufficient to support a finding of personal jurisdiction. *Welsh v. Gibbs*, 631 F.2d 436 (6th Cir.1980), citing *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977).

*Priess v. Fisherfolk*, 535 F.Supp. 1271 (S.D. Ohio 1982) at p. 1275. We conclude that plaintiff has not established a *prima facie* case of *in personam* jurisdiction over defendant Eka Nobel.

■ We also conclude that defendant Eka Nobel has not purposely availed itself of this Court by filing a petition for removal of this action from state court to federal court and did not waive any objection to the state court's jurisdiction over it by removing the case to the federal court. *See Ditkof v. Owens–Illinois, Inc.*, 114 F.R.D. 104 (E.D.Mich.1987); *Speckine v. Stanwick International, Inc.*, 503 F.Supp. 1055 (W.D.Mich.1980); 1 A. Moore, W. Taggert, and J. Wicker *Moore's Federal Practice* ¶ 0.168[4.–3]; 14A Wright & Miller *Federal Practice and Procedure* § 3738. The jurisdiction of the federal court in a removed action is original jurisdiction. Actions that are removed from state court to federal court are to proceed as if they had been commenced in federal court. *Freeman v. Bee Machine Co.*, 319 U.S. 448, 63 S.Ct. 1146, 87 L.Ed. 1509 (1943).

Having concluded that defendant Eka Nobel has had insufficient contact with the State of Ohio to permit this court to exercise *in personam* jurisdiction over it, and

that therefore its motion to dismiss for lack of personal jurisdiction is well taken and must be granted we do not reach defendant's motions to dismiss under Rules 12(b)(4) and 12(b)(5) relating to insufficiency of process and insufficiency of service of process. Accordingly, we conclude that defendant Eka Nobel motion to dismiss pursuant to Rule 12(b)(2), Fed.R.Civ.P. for lack of jurisdiction over the person is well taken and should be granted. It is hereby Ordered that defendant Eka Nobel Elektrokemi AB denominated in the complaint as Chema Nord Delekkemi Nobel is hereby dismissed from these proceedings.

SO ORDERED.